IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **COREY DELMAR SMITH, 36307-177,** | ) | |
| **MOVANT,** | ) | |
| v. | ) | No. 3:08-CV-1313-B |
| | ) | 3:07-CR-135-B(04) |
| **UNITED STATES OF AMERICA,** | ) | ECF |
| **RESPONDENT.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural background**

Petitioner has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner is an inmate in the federal prison system. Respondent is the United States of America.

Petitioner pled guilty to bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 2. On May 22, 2008, the District Court sentenced Petitioner to thirty-three months confinement followed by three years supervised release. The Court also ordered Petitioner to pay $69,127.22 in restitution.

On May 29, 2008, Petitioner filed a notice of appeal. That appeal is currently pending. *United States of America v. Corey Delmar Smith*, No. 08-10518 (5th Cir. 2008).

On July 30, 2008, Petitioner filed this motion to correct, vacate, or set-aside his conviction pursuant to 28 U.S.C. § 2255. He argues: (1) his Fourth Amendment rights were violated by a warantless search; (2) the government failed to prove the allegations in the indictment; (3) his guilty plea was not knowing and voluntary; (4) his confession was coerced; (5) the Grand Jury was mislead; (6) the conviction violated his right to a speedy trial; (7) no bank made a complaint against him; and (8) he received ineffective assistance of counsel.

## II.  Discussion

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal. *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988), *citing Jones v. United States,* 453 F.2d 351, 352 (5th Cir. 1972). Where, as here, a defendant seeks § 2255 relief while a direct appeal is pending, the court should decline to address the motion. *See, e.g. Canales v. United States*, No. 3:07-CV-0078-L, 2007 WL 646189 at *1 (N.D. Tex. Feb. 28, 2007) (stating defendant may not seek post-conviction relief while direct appeal is pending); *United States v. Norwood*, No. 7:06-CV-187-R, 2006 WL 3350207 at *1 (N.D. Tex. Nov. 15, 2006) (dismissing § 2255 motion as premature where direct appeal was pending).

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court summarily dismiss without prejudice Petitioner's motion to correct, vacate or set aside sentence pursuant to 28 U.S.C. § 2255.

Signed this 3rd day of September, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).